Ralph Kermit Winterrowd 2nd
c/o P.O. Box 877109
Wasilla, Alaska [99687]
357-8003 H, 357-8007 Fax

**RECEIVED**
FEB 2 4 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

# The United States of America

# The United States

# District Court of the United States

# District of Alaska

**Ralph Kermit Winterrowd 2nd**
**Without Assistance of Counsel**
*Petitioner*

v.

*Marc Okuley*
Respondent

Case 3:06-CV-00041 TMB

**Writ of Habeas Corpus Ad Subjiciendum**
**According to the Course of the Common Law**
**Arising under Article I Section 9 of**
**the Constitution of the United States**

*Come now,* Ralph Kermit Winterrowd 2nd ("Winterrowd") with this with this Writ of Habeas Corpus Ad Subjiciendum (hereafter "Habeas Corpus") according to the Course of the Common Law arising under Article I Section 9 the Constitution of the United States and Bill of Rights as lawfully amended by the qualified Electors of the several States and arising under

Habeas Corpus                    Page 1 of 11

the Northwest Ordinances of 1787, who is being unlawfully and illegally being restrained of his liberty.

## Jurisdiction

Jurisdiction arises under Article III of the Constitution of the United States in all Cases in Law and Equity under the authority of the United States exercising the judicial Power of the United States.

Jurisdiction arises under the Constitution of the United States as lawfully amended by the qualified Electors of the several States and the laws, which shall be made pursuant thereof. And further the jurisdiction arises the Northwest Ordinance of 1787 and the Treaty with Russia at 15 Stat 539 in the year of 1867.

Jurisdiction of the Writ of Habeas Corpus Ad Subjiciendum (hereafter "Habeas Corpus") according to the Course of the Common Law arises under Article I Section 9 the Constitution of the United States and Bill of Rights as lawfully amended by the qualified Electors of the several States and arising under the Northwest Ordinances of 1787, who is being unlawfully and illegally being restrained of his liberty.

And further the jurisdiction arises under diversity of citizenship as the Petitioner is a free white citizen, American citizen, citizen of the United States of America, and Natural Born Native of the foreign state of Kansas domiciled in the territorial boundaries of Alaska. The other persons or parties including, are citizens of the United States as found in the Fourteenth Amendment and residents of Alaska, and/or possibly residents of the District of Alaska

Liberty being the "liberty" guaranteed and protected by constitutional provisions denotes not only freedom from unauthorized physical restraint, but embraces also the freedom of an individual to use and enjoy his faculties in all lawful ways, acquire useful knowledge, marry, establish a home, and bring up children, worship God according to the dictates of his

own conscience, live and work and where he chooses, engage in any of the common and lawful occupations of life, enter into all contracts which may be proper and essential to carrying out successfully the foregoing purposes including the Chickaloon Village for a valid Chickaloon Driver License, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free people.

Personal Liberty being the right or power of locomotion; of changing situation, or moving one's person to whatsoever place one's own inclination may direct, without imprisonment or restraint, unless by due course of law, being the **law of the land**.

### I. Who is being Restrained of Liberty

The man, Ralph Kermit Winterrowd 2nd (hereafter "Petitioner"), is being restrained of his liberty in the territorial boundaries of Alaska and from traveling to the several States of the Union.

### II. Parties Whose Actions have Restrained the Liberty

The Petitioner is being restrained of his liberty by the illegal and unlawful concerted combined actions of Judge Wolfe (District Court Judge of Alaska), Mr. Bangerter of the Prosecutor's Office in Palmer Alaska and _Marc Okuley_ _____ who is acting under their direction and Petitioner is being held at _Mat-Su PreTrial, 339 E. Dogwood Ave Palmer, AK 99645_ .

Petitioner is without Assistance of Counsel as secured in the Sixth Amendment and is restrained of his liberty under Bond of _$1,000_ _____ under his perceived authority is the party that enforces said Bond and therefore is the correct party to direct this Habeas Corpus.

### 1. Claim or Authority

The STATE OF ALASKA has refused to honor and with reciprocity the lawful and legal Chickaloon Driver License issued to the Petitioner under the sovereign Power of the Chickaloon Village being a federally recognized tribe in violation of the Constitution of the United States and Laws of the United States and Article I Section 8 Clause 3 and the Bill of Rights and the duty arising under the Constitution of the United concerning Indians and tribes

in Alaska, and the Bill of Rights of the Petitioner and especially when engaged in transactions with the Chickaloon Village, a federally recognized tribe exercising it's sovereign Power.

## 2. Place where Restrained

Petitioner is being restrained of his liberty in the territorial boundaries of Alaska, being the land and not tidewaters or some other contrivance.

And further the Petitioner is being restrained of his liberty in jail and from traveling to any of the several States, being the States of the Union at _____

_____

_____.

## V. Petitioner should be Discharged and Released

Petitioner has not been charged with any lawful or legal offense or violation of any law of the United States or the State of Alaska as the Petitioner was in possession of a lawful and legal Chickaloon Driver License valid in the territorial boundaries of Alaska and the other States, the Petitioner has been denied the right of Assistance of Counsel being Learned in the Law to assist the Petitioner to understand the Nature and Cause of the Charges, Petitioner has NOT entered any Plea and can not until Assistance of Counsel is found to Assist the Petitioner, and the Petitioner has been rushed to judgment being denied the right to bring in all of the exculpatory evidence including by not limited to the Chickaloon Driver License by and through the use of Criminal Rule 16(a) to withhold evidence to protect the State of Alaska, effective law enforcement, and the adversary system (judges, prosecutors, and attorneys).

## Parties

**Ralph Kermit Winterrowd 2nd** is an American citizen, white citizen, citizen of the United States of America, and a Natural Born Native and citizen of the foreign state of Kansas domiciled in the territorial boundaries of Alaska. Ralph Kermit Winterrowd 2nd is not an individual or a "citizen of the United States" as used by Congress in 5 U.S.C. § 552 or under the Social Security Act (49 Stat 620) wherein Winterrowd would have relinquished his constitutionally secured Rights for possible gratuities or benefits. See *United States v. Babcock*, 250 U.S. 328, 331 (1919); *Dismuke v. United States*, 297 U.S. 167, 171-172 (1936);

*Fleming v.* Nestor, 363 U.S. 603, 609-612 (1960); *Hayburn's Case*, 2 Dall. 409, 409-411 (1792); *United States v. Ferreira*, 13 How. 40, 48-50 (1851); *Muskrat v. United States*, 219 U.S. 346, 352-362 (1911).

### Irreparable Injury

The Supreme Court of the United States has held what constitutes irreparable injury in the adjudged decision of *Winnipiseogee Lake Cotton and Woolen Co.*, 67 U.S. 545, 551(1862), to wit:

> A Court of Equity will interfere when the injury by the wrongful act of the adverse party will be **irreparable, as where the loss of health, the loss of trade, the destruction of the means of subsistence, or the ruin of the property must ensue.** *[Emphasis added]*

The courts are bound by all of decisions of the Supreme Court of the United States. See *Agostini v. Felton*, 521 U.S. 203, 237-238 (1997); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) – "it is this Court's prerogative alone to overrule one of its precedents."

When the Equity jurisdiction is properly invoked, the court has the power to return that which has been illegally acquired and to return the Plaintiff to the Plaintiff's original *status quo* even if this includes that which might be conferred by a court of law. This is contained in the adjudged decision of the Supreme Court of the United States in *Porter v. Warner Holdings Co.*, 343 U.S. 326, 399(1946), to wit:

> (1) It may be considered as an equitable adjunct to an injunction decree. **Nothing is more clearly a part of the subject matter of a suit for an injunction than the recovery of that which has been illegally acquired and which has given rise to the necessity for injunctive relief.** To be sure, such a recovery could not be obtained through an independent suit in equity if an adequate legal remedy were available. [FN2] White v. Sparkill Realty Corp., 280 U.S. 500, 50 S.Ct. 186, 74 L.Ed. 578; Lacassagne v. Chapuis, 144 U.S. 119, 12 S.Ct. 659, 36 L.Ed. 368. But where, as here, the equitable jurisdiction of the court has properly been invoked for injunctive purposes, **the court has the power to decide all relevant matters in dispute and to award complete relief even though the decree includes that which might be conferred by a court of law.** Alexander v. Hillman, 296 U.S. 222, 241, 242, 56 S.Ct. 204, 210, 211, 80 L.Ed. 192.
>
> FN2 But if a defendant with notice of a pending injunction proceeding completes the acts sought to be enjoined, **the court of equity may restore the status quo by means of a mandatory injunction.** Texas & N.O.R.R. Co. v. Northside Ry. Co., 276 U.S. 475, 48 S.Ct. 361, 72 L.Ed. 661; Porter v. Lee, 328 U.S. 246, 66 S.Ct. 1096 *[Emphasis added]*

### Facts

Winterrowd had a suspension of a "Alaska Driver License" for three months starting on the date of October 27, 2004 according to the "Alaska Driving Records." Other elements of this suspension will be addressed in a separate litigation.

Winterrowd researched and concluded that the Chickaloon Village could lawfully issue a "driver license" and chose therefore to make application for said license in Chickaloon *after the suspension time has expired with the State of Alaska*. Winterrowd did call Kansas and received confirmation that if he was domiciled in Kansas could with the proper identification and Alaska driving record and complying with Kansas laws, obtain a "Kansas Driver License." There was no attempt to evade any issues of the suspension.

After the suspension date in 2005 expired, Winterrowd obtained an Alaska Driving Record as required by the Chickaloon Village for making application for a Chickaloon Driver License. Winterrowd has absolutely no safety issues, no charges or convictions of any DUI's, no charges or convictions of any type drugs, and no accidents of any type in his non-commercial motor vehicle. Winterrowd met all of the requirements of the Chickaloon Village to obtain a Chickaloon Driver License, and Winterrowd was issued a Chickaloon Driver License with the number of CV-00305 with the expiration date of 3-5-2010.

Winterrowd was arrested by a Police Officer Knauss ("Knauss") of the Palmer Police Department ("PPD") with Police Officer Steen ("Steen") of the PPD in attendance in the territorial boundaries of Alaska in Palmer, Alaska on or about August 8, 2005 for a "revoked" driver license, which was incorrect and said arrest was video taped by Winterrowd. The Complaint was changed to being "suspended." See AS 28.40.100 for definitions.

Winterrowd stated that the Chickaloon Driver License was valid in Alaska and Knauss replied "No." Winterrowd bailed out of jail at the cost of $1,000.00.

Winterrowd obtained a Emergency Order ("Chickaloon Order") of Case No. 2005-08-01 from the Tribal Court of the Chickaloon Village on August 10th, 2005. Winterrowd filed in a foreign judgment into the Superior Court of Alaska with the Case Number of 3PA-05-01542CI on August 11th, 2005 for a filing fee of $150.00. Winterrowd also supplied copies of the foreign judgment to Notice the State of Alaska Prosecutor's Office for Palmer, Alaska, to Notice Officer Knauss and Officer Steen at the Palmer Police Department, to Notice the Alaska State Troopers in Palmer, Alaska, and to Notice the Wasilla Police Department in Wasilla, Alaska. Winterrowd then took a certified copy of the Chickaloon Order to the Palmer Recording District and received the number of 2005-022833-0 ("Palmer Public Record Order") on August 23, 2005 and filed same for a filing fee. Winterrowd then returned to the Palmer Court House and filed in a copy of the Palmer Public Record Order back into Case 3PA-05-01542CI. Winterrowd has attached a *certified copy* of the Palmer Public Record Order, being **Attachment 1.**

The Law Enforcement Agencies and State of Alaska has refused to honor the right of the Chickaloon Village to issue a driver license that is valid within the territorial boundaries of Alaska, not to mention the other States.

The Law Enforcement Agencies and the State of Alaska has refused the reciprocity of Chickaloon Village acting within their sovereign Powers.

The Law Enforcement Agencies and the State of Alaska has refused to honor the Chickaloon Order that is filed in a foreign judgment in Case 3PA-05-01542CI. This Case is

still open and stands unopposed by the State of Alaska and the other Law Enforcement Agencies that Winterrowd Noticed.

Winterrowd has operated in total good faith and caught between two entities to which only the government of the United States in the Article III courts have the cognizance of this Class of Case and of all of the Parties to enforce the sovereign Rights of the Chickaloon Village if they are correct, to force the State of Alaska to abide by the foreign judgment and the supreme law of the Land administered by the United States, to force the State of Alaska to provide reciprocity with the Chickaloon Village, and to enforce the constitutionally secured Rights of Winterrowd in the Bill of Rights whom is caught in the middle with loss of liberty and property.

After all of these good faith dealing by Winterrowd, Winterrowd was still prosecuted by the State of Alaska in 3PA-05-2098 CR and found guilty on February 1, 2006, with the Chickaloon Driver License being excluded as evidence by the Prosecution enforced by Judge John Wolfe, a district court judge. Other parties are selective charged when in possession of a Chickaloon Driver License in Alaska, but the State of Alaska has not addressed these Chickaloon Driver License's as illegal or unlawful in any civil litigation, instead they proceed on criminal charges excluding the evidence of the Chickaloon Driver License; denying reciprocity with the Chickaloon Village, and excluding the foreign judgments of the Chickaloon Village as evidence while attempting to stultify the Law by intimidation, fines, and jail on individual cases.

Winterrowd is not the only person that has been issued a Chickaloon Driver License, but the number of said licenses in existence is unknown.

The State of Alaska has a major pecuniary interest to exclude the Chickaloon Village in the issuance of driver licenses, in the issuance of license tags, in the registration of motor vehicles in Alaska, not to mention the control issues by and through the cooperative agreements in Title IV and other types of Social Security issues.

Winterrowd has Motioned the State Court for of sentencing until February 24, 2006 so that the transcript can be completed and all of the numerous violations can be supported with evidence of the denial of a Trial by Jury of Winterrowd's peers, the withholding of evidence such as the Chickaloon Driver License, the withholding of exculpatory evidence including impeachment evidence of the Knauss and Steen, and Winterrowd was immediately taken from the Palmer Court House and moved to _Mat-Su PreTrial_ _____

_____

_____ depriving him of his liberty on an extremely minor issue, being a misdemeanor, but in reality is only civil negligence at best if the charges were true. See *Gregory v. State of Alaska*, 717 P.2d 428, 431 (1986).

### Remedy

The Petitioner should be immediately released from custody of the parties of the State of Alaska being _Marc Okuley_ _____

_____

_____ and the liberty of the Petitioner is hereby returned.

My Hand,

*Ralph Kermit Winterrowd*

### Verified Affidavit of Ralph Kermit Winterrowd 2nd

STATE OF ALASKA           )

                          ) ss.

The United States of America)


I, Ralph Kermit Winterrowd 2nd, do here swear (or affirm) under the penalties of perjury that foregoing and the following facts in this Habeas Corpus are true and correct.

1.  My true name is Ralph Kermit Winterrowd 2nd, being two Christian names and one family name.

2.  I am an American citizen, white citizen, citizen of the United States of America, Natural Born Native and citizen of the foreign state of Kansas domiciled in the territorial boundaries of Alaska.

3.  I have attached a *certified public record* filed into the Palmer Recording District with the number of 2005-022833-0 of the Chickaloon Order Case No. 2005-08-01 identified as **Attachment 1**, and also filed a certified copy in the State of Alaska foreign judgment Case of .

4.  I am not a "citizen of the United States" as used by Congress.

5.  I have never knowingly waived any of my constitutionally secured rights and definitely not to possibly receive some sort of federal benefit(s) or gratuities, including the SSN.


My Hand,

*Ralph Kermit Winterrowd 2*

I have read this Injunction and the verified affidavit and believe them to be true before the Notary Public, being  D̲e̲A̲n̲n̲a̲ ̲P̲e̲t̲e̲r̲s̲o̲n̲  on the date of 2-10-06 _____.

Sworn and subscribed before me a Notary Public.

My Commission expires on  10-07 .

Date  2-10-06 .



Signature of Notary Public

### Certification

I certify that this Injunction and the one Attachment were personally served to the following parties.

Party restraining Petitioner's Liberty
Mat-Su Pretrial

Marc Okuley
Mat-Su PreTrial
339 E. Dogwood Ave
Palmer, AK 99645

And

State of Alaska
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
907-269-5100

Attachment 1 – Certified Copy of the Chickaloon Order Recorded in the Palmer Recording District.

Date  2-24-06
Signature _____