IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RALPH KERMIT WINTERROWD 2nd, | |
| Petitioner, | Case No. 3:06-cv-00041-TMB |
| vs. | |
| MARC OKULEY, | ORDER TO DISMISS |
| Respondent. | |

On February 24, 2006, Ralph Kermit Winterrowd 2nd, who describes himself as "a free white citizen, American citizen, citizen of the United States of America, and Natural Born Native of the foreign state of Kansas domiciled in the territorial boundaries of Alaska,"[1] representing himself, filed a petition for writ of habeas corpus alleging that he is being unlawfully and illegally restrained of his liberty by the State of Alaska, after being found guilty of driving without a valid state driver's

---

[1] Docket No. 1 at 2.

C:\Temp\notes06E812\~8240669.wpd

license.[2]  Mr. Winterrowd's petition, however, is premature.  He has not exhausted

his state court remedies.[3]  Until he does so, this Court will not hear his case.


**IT IS HEREBY ORDERED:**

This action is DISMISSED without prejudice.


DATED this 3rd day of March, 2006,  at Anchorage, Alaska.


                                                          /s/TIMOTHY M. BURGESS
                                                          United States District Judge

---

[2]  *See* Docket No. 1.

[3]  *See* 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel,*
526 U.S. 838, 844 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56
(9th Cir. 2003) ("A federal court may not grant habeas relief to a state
prisoner unless he has properly exhausted his remedies in state court. ... A
petitioner must exhaust his state remedies by reaching the point where he
has no state remedies available to him at the time he files his federal
habeas petition."); *McNeely v. Blanas*, 336 F.3d 822, 825-26 (9th Cir.
2003) ("After the initial [§ 2241] petition was dismissed without prejudice
due to the presence of unexhausted claims, Petitioner filed an amended
petition, excluding the unexhausted claims, on September 25, 2000.  In his
answer, Respondent agreed that Petitioner has exhausted his remedies on
the issues raised in the amended petition."); *Reutter v. Crandel*, 109 F.3d
575, 577 (9th Cir.), *cert. denied*, 118 S. Ct. 142 (1997) ("Only if the state
courts have had the first opportunity to hear the claim sought to be
vindicated in a federal habeas proceeding does it make sense to speak of
the exhaustion of state remedies") (quoting *Picard v. Connor*, 404 U.S. 270
(1971)); *Zichko v Idaho*.  247 F.3d 1015, 1022 (9th Cir. 2001) ("A habeas
petitioner must present his claims to the state's highest court in order to
satisfy the exhaustion requirement of 28 U.S.C. §§ 2254(b)(1) and (c)").